**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4037**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CLIFFTON DU WAYNE CONNER,

                Defendant - Appellant.

**No. 19-4038**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CLIFFTON DU WAYNE CONNER,

                Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:13-cr-00301-WO-1; 1:18-cr-00201-WO-1)

Submitted: July 30, 2019                              Decided: April 9, 2020

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cliffton Du Wayne Conner pleaded guilty to one count of use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2) (2012), and one count of mail fraud, in violation of 18 U.S.C. § 1341 (2012). The district court sentenced Conner to an upward variant sentence of 57 months' imprisonment. At the time Conner committed this offense, he was on probation for a 2015 conviction for impersonating a federal officer. Based on Conner's admission that he violated the terms of his probation, the district court revoked his probation and imposed a 10-month sentence to run concurrently to the 57-month sentence.

We consolidated Conner's appeals from the new criminal judgment and the revocation judgment. Pursuant to *Anders v. California,* 386 U.S. 738 (1967), counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court properly conducted the plea colloquy in accordance with Fed. R. Crim. P. 11, whether Conner's sentence is reasonable, and whether the district court provided a sufficient statement of reasons in imposing an upward variant sentence. Although notified of his right to do so, Conner has not submitted a pro se supplemental brief. For the reasons set forth below, we affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of the nature of the charge to which he is pleading guilty, the statutory penalties he faces, and the rights he is relinquishing as a result of the plea. Fed. R. Crim. P. 11(b)(1). Furthermore, the district court must determine that the

3

defendant's guilty plea is knowing, voluntary, and supported by an adequate factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Because Conner neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (discussing standard of review). To prevail under the plain error standard, Conner "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Sanya*, 774 F.3d at 816. A defendant who pleaded guilty establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted). Our review of the record reveals that the district court substantially complied with Rule 11 in accepting Conner's guilty plea and that his plea was knowing, voluntary, and supported by an independent factual basis.

We "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy,* 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States,* 552 U.S. 38, 41 (2007)). This review encompasses the sentence's procedural and substantive reasonableness. *Gall,* 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a)

4

(2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51.

If no significant procedural errors exist, we next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51. When a district court imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *United States v. Zuk,* 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range. *Gall,* 552 U.S. at 47 (internal quotation marks omitted).

Upon review, we find that Conner's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable Sentencing Guidelines range and appropriately explained the selected above-Guidelines sentence in the context of the relevant § 3553(a) factors. Further, the court offered adequate reasons for granting an upward variance, citing various § 3553(a) factors such as the nature and circumstances of the offense, including Conner's attempt to obstruct the investigation, and the need for adequate deterrence in Conner's case.

In accordance with *Anders,* we have reviewed the entire record in this consolidated case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Conner, in writing, of the right to petition the Supreme Court of the United States for further review. If Conner requests

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Conner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*